## FISCHER *v.* UNITED STATES (No. 1573).[1]

STRINGS FOR MUSICAL INSTRUMENTS—HOW CLASSIFIED.

Strings for musical instruments, composed of catgut wound with silk, silk being the component material of chief value, are dutiable under paragraph 318, tariff act of 1913, as a manufacture of which silk is the component material of chief value, not specially provided for, and not under paragraph 373 as parts of musical instruments.

United States Court of Customs Appeals, December 6, 1915.

APPEAL from Board of United States General Appraisers, G. A. 7722 (T. D. 35382).

[Affirmed.]

*McLaughlin, Russell, Coe & Sprague* and *Sharretts, Coe & Hillis* (*R. H. Hillis* of counsel) for appellant.

*Bert Hanson,* Assistant Attorney General, for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

It is agreed that the merchandise here consists of strings for musical instruments composed of catgut, wound with silk, the latter being the component material of chief value.

It was assessed for duty under paragraph 318 of the tariff act of 1913 as a manufacture of which silk is the component material of chief value not specially provided for, which assessment was sustained by the Board of General Appraisers.

The importer claims that these strings are dutiable as parts of musical instruments under paragraph 373 of the same act, which we quote:

373. Musical instruments or parts thereof, pianoforte actions and parts thereof, cases for musical instruments, pitch pipes, tuning forks, tuning hammers, and metronomes; strings for musical instruments, composed wholly or in part of steel or other metal, all the foregoing, 35 per centum ad valorem.

In ascertaining what was the intention of Congress in enacting paragraph 373 we turn to its predecessor, paragraph 467, of the act of 1909, which we also quote:

467. Musical instruments or parts thereof, pianoforte actions and parts thereof, strings for musical instruments, not otherwise enumerated in this section, cases for musical instruments, pitch pipes, tuning forks, tuning hammers, and metronomes; strings for musical instruments, composed wholly or in part of steel or other metal, all the foregoing, 45 per centum ad valorem.

It will be noticed that these paragraphs are identical for the purposes of this case, except that the words "strings for musical instruments, not otherwise enumerated in this section," found in the first clause of paragraph 467, are omitted from paragraph 373. If, therefore, we construe paragraph 373 as claimed by the importer it results

---

[1] Reported in T. D. 35982 (29 Treas. Dec., 727).

in restoring thereto, so far at least as the merchandise at bar is concerned, the quoted words of paragraph 467 omitted in paragraph 373.

We are inclined to the view suggested by the Government and adopted by the board that by the omission of the quoted words and retaining in paragraph 373 the provision for strings for musical instruments composed wholly or in part of steel or other metal the Congress indicated that for tariff purposes strings for musical instruments were not, under paragraph 373, regarded as parts thereof, but were to be subjected to an entirely different classification.

This view finds confirmation in the fact that in paragraph 366 of the act of 1913 strings for musical instruments, the component material of chief value of which is catgut, are dutiable thereunder. In other words, the Congress has made two specific provisions for strings for musical instruments, one in paragraph 373 and the other in paragraph 366, and has thereby, we think, in view of the legislative history of the subject matter, indicated that strings for musical instruments for tariff purposes are to be classified other than as parts of musical instruments.

It follows that such strings as are not dutiable under either paragraph 366 or 373 must be classified according to the component material of chief value, unless there is some other applicable paragraph.

None is called to our attention here, and the judgment of the Board of General Appraisers is therefore *affirmed*.